UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RONNIE MORRIS, 11440-055,

                Petitioner,

                                      **DECISION AND ORDER**
                                            07-CV-490A
      v.                                           04-CR-170A

UNITED STATES OF AMERICA,

                Respondent.

---

This case comes before the Court on a motion by petitioner for habeas corpus relief under 28 U.S.C. § 2255. In his motion papers, petitioner asserts three grounds for relief: ineffective assistance of counsel for failing to challenge an allegedly improper photo identification; mischaracterization of petitioner's prior state convictions as violent felonies; and the photo identification itself. For the reasons below, the Court will deny petitioner's motion.

## BACKGROUND

Petitioner currently is a fugitive who has not answered an outstanding arrest warrant for a second violation of supervised release. On July 16, 2004, petitioner signed a waiver of indictment and permitted the government to file two different informations, which it filed that same day. The first information charged petitioner with one count of possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). The second information gave

petitioner notice that the government intended to rely on a June 2, 1976 felony conviction in New York State Supreme Court as the basis for imposition of the enhanced punishment set forth in 21 U.S.C. § 841(b)(1)(C). Petitioner's 1976 conviction was for Criminal Possession of a Controlled Substance in the Sixth Degree.

Also on July 16, 2004, petitioner and his counsel signed a plea agreement that he reached with the government. In paragraph 1, petitioner agreed to waive indictment and to plead guilty to one count of possession with intent to distribute and distribution of heroin within 1,000 feet of a public housing facility, in violation of 21 U.S.C. § 860(a). In paragraph 3, petitioner admitted to his 1976 state felony conviction and acknowledged that it subjected him to the enhanced punishment set forth in 21 U.S.C. § 841(b)(1)(C). In paragraph 7, petitioner agreed to the factual basis underlying his plea. In paragraph 12, petitioner agreed that he is a career offender and that his criminal history category is VI. In paragraph 13, petitioner agreed that his sentencing range was a term of imprisonment of 188–235 months. In paragraph 20, petitioner knowingly waived his right to an appeal and to a collateral attack of any sentence imposed that fell within or below the sentencing range.

On October 12, 2004, petitioner filed a statement with respect to sentencing factors in which he accepted the findings of the presentence report. Petitioner was sentenced on October 22, 2004 to term of imprisonment of 77

months with five years of supervised release to follow. The Clerk of the Court entered a final judgment on October 29, 2004.

On November 2, 2004, petitioner filed a notice of appeal with the United States Court of Appeals for the Second Circuit. On August 1, 2005, petitioner's appointed appellate attorney filed an *Anders* brief advising the Second Circuit that there were no non-frivolous issues to be argued on appeal. On August 13, 2005, the government responded with a motion for summary affirmance or, in the alternative, dismissal of the appeal. After supplemental briefing, the Second Circuit granted the government's motion and dismissed the appeal. The Clerk of this Court entered the Second Circuit's mandate on June 6, 2006.

Petitioner filed the pending motion for habeas corpus relief on July 27, 2007. On September 24, 2007, the government filed a response that cited the waiver provisions of the plea agreement and the Second Circuit's summary affirmance and dismissal of the appeal.

On September 24 and October 10, 2008, petitioner appeared before this Court to answer charges that he violated conditions of his supervised release. On October 29, 2008, petitioner signed a plea agreement admitting to a violation of supervised release. At sentencing on November 20, 2008, petitioner was continued on supervised release with all previous terms and conditions but with a zero-tolerance policy for any future violations that were not of a technical nature. On January 29, 2009, an arrest warrant issued against petitioner for a second

violation of supervised release. That warrant remains outstanding. Petitioner has not answered the latest charges about violations of supervised release. Petitioner's current whereabouts are unknown.

## DISCUSSION

The waiver provisions of the plea agreement that petitioner signed regarding his underlying criminal charges require denial of the pending habeas motion. "In no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." *U.S. v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993). Here, petitioner knowingly and voluntarily entered a plea agreement. Petitioner does not challenge the knowing and voluntary nature of his plea; his claims concern only a photo identification and the accounting of his prior criminal record. Through the plea agreement, petitioner waived his right to an appeal or collateral attack if he received a sentence of imprisonment of no higher than 188–235 months. Through effective representation by counsel, petitioner received a term of imprisonment of 77 months, less than half the amount that would have satisfied the waiver provisions of the plea agreement. In upholding the validity of the *Anders* brief filed against petitioner and in granting summary affirmance, the Second Circuit already has agreed that petitioner

4

knowingly and voluntarily entered a valid plea agreement. Under these circumstances, any further effort by petitioner to challenge his conviction and sentence would be frivolous. Petitioner's motion thus cannot be granted.

## CONCLUSION

For all of the foregoing reasons, the Court denies petitioner's motion for habeas relief. The Court further denies as moot petitioner's pending motion for an extension of time for additional filings in support of the habeas motion. The Clerk of the Court is directed to close the civil action that relates to petitioner's motion for habeas relief. The Clerk of the Court is directed further to mail a copy of this Order to petitioner's last known address of 245 Rodney Street, Buffalo, New York 14214.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: June 19, 2009